IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TESLA MOTORS, INC., a Delaware
corporation

    Plaintiff,

v

RUTH JOHNSON, in her official capacity
as Secretary of State and Chief Motor
Vehicle Administrator, BILL SCHUETTE,
in his official capacity as Attorney
General, and RICK SNYDER, in his
official capacity as Governor,

    Defendants.

No. 1:16-cv-01158

HON. JANET T. NEFF

John J. Bursch
BURSCH LAW PLLC
9339 Cherry Valle Ave SE, #78
Caledonia, MI 4931
(616) 450-4235
jbursch@burschlaw.com

Rock Wood (P41181)
Attorney for Non-Party Subpoena Respondents
 Senator Joe Hune and Representative Jason Sheppard
Michigan Department of Attorney General
Civil Litigation, Employment & Elections Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
woodr5@michgan.gov
_____/

**NON-PARTY RESPONDENT REPRESENTATIVE JASON SHEPPARD'S
OBJECTIONS TO PLAINTIFF TESLA MOTORS, INC.'S SUBPOENA TO
<u>PRODUCE DOCUMENTS</u>**

NOW COMES NON-PARTY RESPONDENT REPRESENTATIVE JASON

SHEPPARD by and through his counsel and for his OBJECTIONS TO PLAINTIFF

TESLA MOTORS, INC.'S SUBPOENA TO PRODUCE DOCUMENTS ("Subpoena") states as follows:

**GENERAL OBJECTIONS**

1) Respondent incorporates by reference every general objection identified herein into each specific response set forth below, regardless of whether the specific response in question repeats an objection for emphasis or otherwise. The failure to expressly include and repeat every general objection to each individual request is not intended as, and shall not constitute, a waiver of every general objection as to that request. Moreover, respondent does not waive his right to amend or supplement his responses/objections to the subpoena.

2) Respondent objects to each definition and instruction in the subpoena which purports to, or seeks to, impose any requirement, discovery obligation, production or response requirement that is greater than, additional to, or inconsistent with the express language and discovery obligations of Fed. R. Civ. Proc. 45.

3) Respondent objects to each instruction, definition, and request in the subpoena to the extent that it seeks information or documents protected from disclosure from any applicable privilege, including but not limited to, the attorney-client privilege, the deliberative process privilege, the attorney work product doctrine, or otherwise. Should any disclosure by respondent occur of such materials, it is inadvertent and shall not constitute a waiver of any applicable privilege. Any information or document inadvertently disclosed, which falls within the scope of this objection, shall be returned to respondent's counsel within 24 hours

2

of the inadvertent disclosure being discovered, and any and all copies of the inadvertently disclosed item(s)/document(s) shall be destroyed.

4) Respondent objects to the subpoena as it is violative of the legislative immunity afforded to legislators, such as respondent. Respondent also objects on the basis of the speech or debate clause of the Michigan Constitution, Art. 4 § 11 and its Federal counterpart.

5) Service of the subpoena was improper and/or not effective, and inconsistent with Fed. R. Civ. Proc. 45, as respondent was not served with the subpoena, but rather, the subpoena appears to have been dropped off at House offices.

6) The effort at service was improper, and contrary to the Michigan Constitution, Art. 4 § 11, which prohibits service of civil process during sessions of the legislature, and for five days next before the commencement and after the termination thereof.

7) The subpoena is contrary to substantive law, including MCL 4.553.

8) The subpoena is contrary to substantive law, including MCL 4.554, which provides in part that: "The legislative files, recordings, tapes, records, memoranda, or written documents of a member of the legislature shall not be subject to a subpoena duces tecum in a civil action. . . ."

9) To the extent the subpoena is intended to seek documents or information from individuals/sources other than respondent, respondent objects to the same, as any such items are beyond his possession, and the subpoena is addressed solely to Respondent.

10) Respondent's limited involvement included a meeting called by Tesla's attorney with certain members of the House and others, including several attendees on behalf of Tesla, which occurred a year after the legislation at issue had become law, at which time Tesla's counsel made certain demands regarding changes to the law sought by Tesla. Respondent did not take, make or retain any written materials from that meeting. As such, respondent's limited role is well after the legislation, which is the focus of the above-captioned lawsuit, had been enacted.

Consistent with Fed. R. Civ. P. 45(e), in light of the privileges asserted above, Respondent describes the nature of the documents, communications or tangible things, as follows:

Because Representative Sheppard was not in office when the bill/legislation was introduced, discussed and then enacted, his documentation would post-date 2014.

1. Meeting/calendar electronic reminder regarding meetings scheduled with stakeholders (those involved in the automotive industry), such as Tesla or other automotive manufacturer representatives during 2015-2016;

2. Numerous August, 2016 emails from individuals promoting Tesla or legislation sought by Tesla (it appears that Tesla or someone on its behalf generated a form letter to send to Representative Sheppard);

3. A variety of 2016-2017 general references to Tesla, such as Tesla consultant/promotional emails, emails regarding Tesla events,

consultant/individual emails regarding Tesla, House caucus bill analysis regarding HB 5312.

Note: To the extent communications/documents are available on any Facebook/ Twitter/ social media account, those documents/communications are publicly available such that Plaintiff has access to them. Also, Plaintiff has access to those records found on the public legislative website of Michigan, including legislative history.

Without waiver of the general objections, and incorporating each and every one of them into each of the responses set forth below, respondent further responds as follows:

### OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS

1. All documents concerning Tesla, including without limitation all communications with or about Tesla.

**RESPONSE:** Respondent objects to the overbroad nature of this request, as it seeks information which is clearly irrelevant to Tesla's claims. The limited categories of documents that he has which may reference Tesla are described above and Respondent objects on the basis of the privileges set forth above, including but not limited to legislative privileges and the items set forth in the general objections.

2. All documents concerning the above-captioned litigation.

**RESPONSE:** Other than news articles/ reports/ updates and the subpoena Respondent has not identified specific items related to this litigation, and relies upon his general objections set forth above.

3. All documents concerning House Bill 5606 (Substitute S-l as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.

**RESPONSE:** Respondent was not in office when this legislation was enacted. Further, to the extent Respondent has documents or records which may peripherally relate to this bill, or a later proposed bill on such subject matter, Respondent objects for the reasons set forth in the general objections.

4. All summaries, analyses, digests, recommendations, position statements, and voting records concerning House Bill 5606 (Substitute S-l as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.

**RESPONSE:** To the extent this request seeks position summary documents of a caucus of either party, such are subject to legislative immunity. Respondent was not in office when this legislation was enacted. Respondent also incorporates his general objections.

5. All versions or drafts of the House Bill 5606 (Substitute S-l as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.

**RESPONSE:** To the extent versions of bills were introduced they should be available on the legislature's website. To the extent either political party had draft versions that were not introduced or made public, or were the subject of legislative service bureau efforts, the same would be subject to legislative immunity. Respondent was not in office at that time. Respondent also relies on each of the general objections set forth above.

6. All documents constituting, reflecting, or referring to communications between You and any other person or entity (including but not limited to Michigan motor-vehicle dealers, Michigan motor-vehicle manufacturers, the Michigan Automobile Dealers Association, and individuals associated with the Michigan Automobile Dealers Association) concerning House Bill 5606 (Substitute S-l as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.

**RESPONSE:** Respondent was not in office at that time. Respondent also relies upon each of the general objections set forth above.

7. All documents concerning any actual, potential, anticipated, possible, or desired effects on Tesla of House Bill 5606 (Substitute S-l as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.

**RESPONSE:** Respondent was not in office at the time of the events set forth in this request. To the extent Respondent obtained documents at or near the time

frame when Tesla scheduled a meeting seeking to change the law, which was approximately a year after the date set forth in this request, Respondent objects to this request on the basis of the general objections set forth above. To the extent any other such records exist, those are likely news reports that are publicly available. To the extent such was discussed in the legislative record/legislative history, the same may be available on the website of the legislature.

8. All documents concerning the reasons the Michigan legislature, or any member thereof, voted in favor of House Bill 5606 (Substitute S-l as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.
**RESPONSE:** To the extent documents exist regarding the mental state or reasoning of why each legislator voted as they did regarding this legislation, they may be in the legislative record/history. Respondent was not in office at the time of these events. Respondent also incorporates the general objections set forth above.

9. All documents concerning the sale in Michigan of new or used motor vehicles by a motor-vehicle manufacturer.
**RESPONSE:** In addition to the general objections set forth above, which are incorporated herein, respondent objects to this request as being overly broad, and seeking information that has no relevance to Tesla's claims.

10. All documents concerning the service in Michigan of motor vehicles by a motor-vehicle manufacturer.

**RESPONSE:** In addition to the general objections set forth above which are incorporated herein, respondent objects to this request as being overly broad, and seeking information that has no relevance to Tesla's claims.

11. All documents concerning efforts to change any laws concerning the sale in Michigan of new or used motor vehicles by a motor-vehicle manufacturer.

**RESPONSE:** In addition to the general objections set forth above, respondent objects to this request as being overly broad, and seeking information that has no relevance to Tesla's claims. Respondent also objects to this request on the basis of the privileges and authorities cited in the general objections.

12. All documents concerning efforts to change any laws concerning the service in Michigan of motor vehicles by a motor-vehicle manufacturer.

**RESPONSE:** In addition to the general objections set forth above which are incorporated herein, respondent objects to this request as being overly broad, and seeking information that has no relevance to Tesla's claims. Respondent also objects to this request on the basis of the privileges and authorities cited in the general objections.

13. All complaints received by You concerning the sale in Michigan of new or used motor vehicles by a motor-vehicle manufacturer, or concerning the service in Michigan of motor vehicles by a motor-vehicle manufacturer.

**RESPONSE:** In addition to the general objections set forth above which are incorporated herein, respondent objects to the overbroad nature of this request, which has no relation to Tesla, or Tesla's claims.

14. Documents sufficient to show campaign contributions made to you by any individual with a financial interest in a motor-vehicle dealer in Michigan, any individual with a financial interest in a motor-vehicle manufacturer in Michigan, the Michigan Automobile Dealers Association, or any individual associated with the Michigan Automobile Dealers Association.

**RESPONSE:** Respondent's campaign financial disclosure statements are public records, available through the office of the Michigan Secretary of State.

15. All documents concerning the actual or potential costs or benefits of a direct-to-consumer sales model for motor vehicles.

**RESPONSE:** In addition to the general objections set forth above, respondent objects to this request as being overly broad, and seeking information that has no relevance to Tesla's claims. Such documents as Respondent might have would be subject to the privileges and authorities set forth in the general objections, which are incorporated herein.

16. All documents concerning the costs or benefits to consumers of a dealer model.

**RESPONSE:** In addition to the general objections set forth above, respondent objects to this request as being overly broad, and seeking information that has no relevance to Tesla's claims. Further, respondent was not in office when the legislation at issue was enacted. Respondent also objects for the reasons set forth in the general objections which are incorporated herein.

17. All documents concerning Governor Rick Snyder's October 21, 2014 statement that manufacturer direct vehicle sales were "already prohibited under Michigan law" prior to House Bill 5606 (Substitute S-l as reported by the Committee of the Whole) that was introduced on or around October 1, 2014, including all statements and analyses supporting, relating to, refuting, or undermining that statement.

**RESPONSE:** Any documents concerning Governor Snyder's comments or rationale for any alleged statement made on October 21, 2014, or any analysis of the Governor's purported comments would likely be found in news articles. Respondent objects on the basis of his general objections set forth above. Respondent was not in office at the time the referenced legislation was enacted.

    Respectfully submitted,

    BILL SCHUETTE
    Attorney General

    *s/Rock Wood*
    Rock Wood (P41181)
    Assistant Attorney General
    Attorneys for Defendants

P. O. Box 30736  
Lansing, Michigan 48909  
517.373.6434  
Email: woodr5@michigan.gov  
(P41181)

Dated: May 11, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing of the foregoing document as well as via US Mail to all non-ECF participants.

*s/Rock Wood*
Rock Wood
P.O. Box 30736
Lansing, Michigan 48909
517.373.6434
Email: woodr5@michigan.gov.
P41181