AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

      ❐ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.      "All" means any and/or all.

2.      "And" means and/or.

3.      "Concerning" means referring, relating, reflecting, or pertaining, directly or indirectly, in any way, to all or any part of a specified subject matter or document.

4.      "Document" means a writing, as defined in the Federal Rules of Evidence, Rule 1001(1) and 1001(2), and includes the original or copy of handwriting, typewriting, printing, photocopying, filming, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds and symbols, or combinations of them, including electronic documents (including but not limited to email). "Document" also includes documents constituting, reflecting, or relating to internal communications and communications between You and any third party.  "Document" further includes any drafts of any writings as described above and any copies of originals with notes or other comments that do not appear on the originals or on other copies.

5.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including but not limited to correspondence (including electronic correspondence), dialogues, meetings, discussions, interviews, consultations, agreements, and all other understandings between or among two or more persons.

6.      "Hune," "You" and "Your" mean Michigan State Senator Joe Hune and all employees, agents, or other representatives of Michigan State Senator Joe Hune, or any State employee, agent, or other representative acting on his behalf.

7.      "Tesla" means Tesla, Inc.

1

## INSTRUCTIONS

1.      Unless otherwise specified, all Requests refer to the time period for the years 2014 to the present, inclusive.

2.      If a document is no longer in Your possession or no longer subject to Your control, please state when that document was most recently in Your possession or subject to Your control and what disposition was made of it.

3.      To the extent that the response sought by any Request can be furnished with reference to the answer furnished to another Request, appropriate reference will be acceptable to Tesla.  However, a separate response should be accorded to each Request.  Requests should not be joined together and accorded a common answer.

4.      Each response should be preceded by identification and verbatim quote of the Request which is being answered immediately before the response.

5.      If there are no documents response to a Request, then indicate that there are "No documents responsive to this Request."

6.      If you object to any Request on the grounds that it asks for documents or tangible things that are privileged, set forth fully in the objection the facts upon which you rely as the basis of the asserted privilege.

7.      If you withhold any document under a claim of privilege, please furnish a list identifying each document so withheld, together with the following information: date, author, sender, recipient, persons to whom copies were furnished (including their job title), subject matter of the document, the basis on which you claim a privilege, and the paragraph(s) of these Requests to which the document responds.

2

8.      These Requests are continuing in character and require You to provide any supplemental documents if, prior to trial, You obtain any additional or supplemental documents responsive to these Requests..

## REQUESTS FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

1.      All documents concerning Tesla, including without limitation all communications with or about Tesla.

2.      All documents concerning the above-captioned litigation.

3.      All documents concerning House Bill 5606 (Substitute S-1 as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.

4.      All summaries, analyses, digests, recommendations, position statements, and voting records concerning House Bill 5606 (Substitute S-1 as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.

5.      All versions or drafts of House Bill 5606 (Substitute S-1 as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.

6.      All documents constituting, reflecting, or referring to communications between You and any other person or entity (including but not limited to Michigan motor-vehicle dealers, Michigan motor-vehicle manufacturers, the Michigan Automobile Dealers Association, and individuals associated with the Michigan Automobile Dealers Association) concerning House Bill 5606 (Substitute S-1 as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.

7.      All documents concerning any actual, potential, anticipated, possible, or desired effects on Tesla of House Bill 5606 (Substitute S-1 as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.

8.      All documents concerning the reasons the Michigan legislature, or any member thereof, voted in favor of House Bill 5606 (Substitute S-1 as reported by the Committee of the Whole) that was introduced on or around October 1, 2014.

9.      All documents concerning the sale in Michigan of new or used motor vehicles by a motor-vehicle manufacturer.

10.     All documents concerning the service in Michigan of motor vehicles by a motor-vehicle manufacturer.

11.     All documents concerning efforts to change any laws concerning the sale in Michigan of new or used motor vehicles by a motor-vehicle manufacturer.

12.     All documents concerning efforts to change any laws concerning the service in Michigan of motor vehicles by a motor-vehicle manufacturer.

13.     All complaints received by You concerning the sale in Michigan of new or used motor vehicles by a motor-vehicle manufacturer, or concerning the service in Michigan of motor vehicles by a motor-vehicle manufacturer.

14.     Documents sufficient to show campaign contributions made to You by any individual with a financial interest in a motor-vehicle dealer in Michigan, any individual with a financial interest in a motor-vehicle manufacturer in Michigan, the Michigan Automobile Dealers Association, or any individual associated with the Michigan Automobile Dealers Association.

15.     All documents concerning the actual or potential costs or benefits of a direct-to-consumer sales model for motor vehicles.

16.     All documents concerning the costs or benefits to consumers of a dealer model.

17.     All documents concerning Governor Rick Snyder's October 21, 2014 statement that manufacturer direct vehicle sales were "already prohibited under Michigan law" prior to House Bill 5606 (Substitute S-1 as reported by the Committee of the Whole) that was introduced on or around October 1, 2014, including all statements and analyses supporting, relating to, refuting, or undermining that statement.


Dated:  April 6, 2017                           */s/John J. Bursch*
                                                John J. Bursch (P57679)
                                                BURSCH LAW PLLC
                                                9339 Cherry Valley Ave SE, #78
                                                Caledonia, Michigan 49316
                                                616.450.4235
                                                jbursch@burschlaw.com

                                                *Counsel for Tesla Motors, Inc.*

                                                Of counsel:
                                                O'MELVENY & MYERS LLP
                                                Daniel M. Petrocelli
                                                1999 Avenue of the Stars, 8th Floor
                                                Los Angeles, CA 90067
                                                (310) 553-6700
                                                dpetrocelli@omm.com

                                                Charles C. Lifland
                                                400 South Hope Street, 18th Floor
                                                Los Angeles, CA 90071
                                                (213) 430-6000
                                                clifland@omm.com

                                                Anne Huffsmith
                                                Two Embarcadero Center, 28th Floor
                                                San Francisco, CA 94111
                                                (415) 984-8934
                                                ahuffsmith@omm.com