IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TESLA MOTORS, INC., a Delaware
corporation

      Plaintiff,

v

RUTH JOHNSON, in her official capacity
as Secretary of State and Chief Motor
Vehicle Administrator, BILL SCHUETTE,
in his official capacity as Attorney
General, and RICK SNYDER, in his
official capacity as Governor,

      Defendants.

No. 1:16-cv-01158

HON. JANET T. NEFF

## ORDER
**(Regarding R.56-58, Objections to Subpoenas and Motion to Quash, and R.71, Motion to Compel)**

The Court, having reviewed the pleadings filed concerning the above-referenced non-party subpoenas, and having held oral argument, the Court hereby orders:

    1.    The Court will limit the relevant time period for purposes of the subpoena to Senator Hune, and Senator Hune's response thereto with the production of documents as set forth below, to the time period of 12 months prior to, and 6 months subsequent to, the date of October 21, 2014 (which includes October 21, 2013 through April 21, 2015).

    2.    The Court will limit the relevant time period for purposes of the subpoena to Representative Sheppard, and Representative Sheppard's response

thereto with the production of documents as set forth below, to the time period of January 1, 2015, to December 31, 2016.

3. Counsel for Tesla, and counsel for the non-party subpoena recipients, shall confer to discuss and agree upon an electronic search protocol, search terms, and any other search methods that may be used to identify potentially responsive documents.

4. As to potentially responsive documents which are identified from the process set forth in item 2, those communications with non-legislative third parties, such as lobbyists and constituents and which are within the scope of discovery, shall be produced in response to the subpoenas.

5. As to other potentially responsive documents which are identified from the process set forth in item 2, to the extent the subpoena recipients assert any privilege (including the legislative privilege, the attorney-client privilege or any other privilege) as to production of the same, a privilege log will be prepared, with bates numbered page references, identifying all documents withheld from the production, by date, the author and recipients, and description, and the privilege asserted as to such document so as to allow the Court and opposing counsel to know what the document is and the basis for asserting a privilege from production. If Tesla disputes the claim of privilege as to any documents included on the log, and to the extent counsel for Tesla and the non-party subpoena recipients cannot reach a resolution after conferring with each other, such documents shall be submitted to

the Court for in camera review for a determination by the Court as to the applicability of the asserted privilege.

6. All documents being produced by the non-party legislator shall be designated Third-Party Confidential Materials and be for attorneys' eyes only pursuant to the March 28, 2017 Protective Order (ECF No. 47).

7. Nothing in this Order, or any production of documents by the non-party subpoena recipients, shall constitute or be deemed to be a waiver of any rights or privilege that may be held by, or claimed to be held by, the non-party subpoena recipients.

**IT IS SO ORDERED.**


Dated: August 21, 2017              /s/ Ellen S. Carmody
                                    HON. ELLEN S. CARMODY
                                    U.S. Magistrate Judge


Approved as to form only, with all rights to appeal or otherwise, reserved:


*s/John J. Bursch*                  Dated: August 4, 2017
John J. Bursch (P57679)
Attorney for Plaintiff
Bursch Law PLLC
9339 Cherry Valley Ave. SE, #78
Caledonia, MI 49316
616.450.4235