# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: March 05, 2018

Mr. John J. Bursch
Bursch Law
9339 Cherry Valley, S.E.
Suite 78
Caledonia, MI 49316

Mr. Michael Francis Smith
Law Office
1717 Pennsylvania Avenue, N.W.
Suite 1025
Washington, DC 20006

Re: Case No. 17-2505, *Tesla Motors, Inc. v. Ruth Johnson, et al*
Originating Case No. : 1:16-cv-01158

Dear Counsel:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Karen S. Fultz for Jill Colyer
Case Manager
Direct Dial No. 513-564-7024

cc: Mr. Eric Richard Bowden
    Mr. Thomas Dorwin
    Mr. Daniel M. Petrocelli

Enclosure

No mandate to issue

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 05, 2018
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| TESLA MOTORS, INC. | )<br>) |
| Plaintiff-Appellee, | )<br>) |
| v. | )     O R D E R<br>) |
| RUTH JOHNSON, in her official capacity as Secretary of State and Chief Motor Vehicle Administrator, et al., | )<br>)<br>)<br>) |
| Defendants, | )<br>) |
| ANN ARBOR AUTOMOTIVE; SERRA AUTOMOTIVE; SHAHEEN CHEVROLET, | )<br>)<br>) |
| Movants-Appellants. | ) |

Before: McKEAGUE, KETHLEDGE, and THAPAR, Circuit Judges.

Plaintiff Tesla Motors, Inc. ("Tesla") challenges a Michigan statute that prohibits automobile manufacturers from selling vehicles directly to consumers and from owning and operating service or repair facilities for their vehicles. The Movants, nonparties who were identified as potential trial witnesses, appeal the partial denial of their motion to quash third-party document subpoenas. Tesla moves to dismiss the appeal for lack of jurisdiction.

As a general rule, discovery rulings "are not final decisions and cannot be reviewed unless the trial court enters a final judgment disposing of all claims." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462, 471 (6th Cir. 2006); *see also Holt-Orsted*

*v. City of Dickson*, 641 F.3d 230, 236 (6th Cir. 2011). The Movants argue that the discovery order is reviewable as a collateral order because it involves the First Amendment associational privilege.

An order may be appealable under 28 U.S.C. § 1291 as a collateral order if it "(1) conclusively determines a disputed issue; (2) resolves an issue separate from the merits of the action that is too important to be denied review; and (3) will be effectively unreviewable on appeal from a final judgment." *Pogue*, 444 F.3d at 472; *see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). When determining whether immediate appeal is justified, courts do not engage in an "individualized jurisdictional inquiry." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473 (1978). Rather appealability under § 1291 "is to be determined for the entire category to which a claim belongs, without regard to the chance that the litigation at hand might be speeded, or a particular injustice averted, by a prompt appellate court decision." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (alteration, internal quotation marks, and citation omitted).

Neither this court nor the Supreme Court has addressed whether the collateral order doctrine encompasses discovery rulings implicating the First Amendment associational privilege. *But see In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d 470, 482–84 (10th Cir. 2011) (holding that discovery orders adverse to the First Amendment associational privilege are not immediately appealable collateral orders). But the Supreme Court has admonished that "the class of collaterally appealable orders must remain 'narrow and selective in its membership.'" *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 113 (2009) (quoting *Will v. Hallock*, 546 U.S. 345, 350 (2006)). Moreover, circuit courts should not expand their own appellate jurisdiction through additions to the collateral order doctrine. *Id.* at 113–14; *see id.* at 114–19 (Thomas, J.,

concurring in part and concurring in the judgment). This counsels against permitting interlocutory review in this case.

Not only that, but parties in the Movants' position can obtain effective review of discovery orders like that here by several other means. First, the district court may certify an interlocutory appeal under 28 U.S.C. § 1292(b). *See Mohawk Indus.*, 558 U.S. at 110. Second, parties might seek a writ of mandamus—as Movants did here. *Id.* at 111. Finally, parties can refuse to comply with a discovery order and appeal any ensuing contempt citation. *See In re Motor Fuel Temperature Sales Practices Litig.*, 641 F.3d at 484; *Perry v. Schwarzenegger*, 602 F.3d 976, 979 (9th Cir. 2010) (order); *see also Cunningham v. Hamilton Cty.*, 527 U.S. 198, 204 n.4 (1999) (noting that the Court has "repeatedly held that a witness subject to a discovery order, but not held in contempt, generally may not appeal the order"). As the Supreme Court has noted, these "discretionary review mechanisms" serve as important "safety valves" for "promptly correcting serious errors." *Mohawk Indus.*, 558 U.S. at 111 (alteration and citation omitted). As such, Movants have alternatives to a collateral order appeal, and immediate appeal is not available here. *See Digital Equip. Corp.*, 511 U.S. at 869 ("[T]he failure to meet the third condition of the *Cohen* test . . . would in itself suffice to foreclose immediate appeal under § 1291.").

We also reject the Movants' claim that the discovery order is appealable under 28 U.S.C. § 1292(a)(1). The denial of their motion to quash the subpoenas is not the functional equivalent of an injunction. *See United States v. Ryan*, 402 U.S. 530, 534 (1971). "An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) (addressing the denial of a

motion to stay or dismiss under *Colorado River* abstention). Unlike *Comm. on Judiciary of U.S. House of Reps. v. Miers*, 542 F.3d 909, 910-11 (D.C. Cir. 2008), this action does not involve high-level officials of the Executive Branch in a dispute with another branch of the government. And it is not unseemly to require the Movants to submit to contempt if they seek an immediate appeal of the district court's order.

The motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk