UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

TESLA MOTORS, INC.,

       Plaintiff,

v.

                                         Hon. Janet T. Neff

RUTH JOHNSON, et al.,

                                         Case No. 1:16-cv-01158

       Defendants.

_____/

## ORDER

This matter is before the court on two sets of documents provided to the court for *in camera* review. These documents have been withheld from subpoenaed production, with counsel claiming legislative privilege for the withheld items. The first set of documents was submitted by counsel for Representative Sheppard and Senator Hune and the second set was submitted to the court by counsel for former Representative Aric Nesbitt. Tesla objects to the assertion of the legislative privilege. Privilege logs have been produced by Representative Sheppard and Senator Hune and by former Representative Aric Nesbitt.

It is Tesla's position that the court must apply a balancing test set out in *Benisek v. Lamone*, 263 F. Supp. 3d 551 (D. Md.), aff'd, 241 F. Supp. 3d 566 (D. Md. 2017). The legislators do not agree, stating that the cases cited by Tesla are distinguishable. The undersigned has reviewed the documents submitted for *in camera* review and will allow

all of the documents to be withheld from production on the basis of legislative privilege. The court finds that, even applying the balancing test urged by Tesla, the documents in question are still subject to a legislative privilege.

Five factors to be examined in the analysis of qualified state legislative privilege are (1) relevance of the evidence sought, (2) availability of other evidence, (3) the seriousness of the litigation and the issues involved, (4) the role of the state in the case, and (5) the purposes of the privilege. *Benisek*, 263 F. Supp. 3d at 553.

Factor one, the relevance of the evidence sought, weighs somewhat in Tesla's favor. Factor two, the availability of other evidence, is unclear to the undersigned, not having conducted the discovery in this case. However, the court is of the opinion that if such evidence is available, Tesla will have unearthed it. As to factor three, the seriousness of the litigation and the issues involved, there can be no question that this factor weighs in favor of Tesla, as Tesla has brought a constitutional challenge to Michigan Compiled Laws section 445.1574, as amended by House Bill 5606. As to the fourth factor, the role of the state in the case, the court finds that neither the state nor the legislators are actual parties in this matter. However, the legislature is clearly implicated in Tesla's theory of the case. This factor weighs somewhat in favor of the legislators. The fifth factor is the purpose of the privilege. The court agrees with the legislators that even nonparty legislators who are not the subject of liability are entitled to the protections afforded by the privilege, as discovery procedures can prove just as if not more burdensome than being a party. *Tenney v. Brandhove*, 341 U.S. 367, 372 (1951); *see*

*also, E.E.O.C. v. Washington Suburban Sanitary Comm'n*, 631 F.3d 174, 181 (4th Cir. 2011); *see also, MINPECO, S.A. v. Conticommodity Servs., Inc.*, 844 F.2d 856, 859 (D.C. Cir. 1988). Finally, the documents are all internal to the legislators or their staff.

The court finds the legislative privilege claimed by Representative Sheppard and Senator Hune to be well asserted. The court notes that this was decided and communicated to Tesla at the December 12, 2017, hearing; however, also promised was an analysis of the balancing factors. The court finds that with these particular documents and with these circumstances, intrusion into the legislative process outweighs the other factors. The documents may be withheld from production.

The court also finds the legislative privilege claimed by former Representative Aric Nesbitt to be well asserted. The court finds that with these particular documents and with these circumstances, intrusion into the legislative process outweighs the other factors. These documents may also be withheld from production.

IT IS SO ORDERED.

Date:  July 10, 2018                                /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    U.S. Magistrate Judge