IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOCELYN BENSON, in her official capacity as Secretary of State and Chief Motor Vehicle Administrator; DANA NESSEL, in her official capacity as Attorney General; and GRETCHEN WHITMER, in her official capacity as Governor,<br><br>　　　　　　　　　　　Defendants. | Case No. 16-cv-1158<br><br>Hon. Janet T. Neff |

**JOINT STIPULATION AND MOTION FOR ENTRY OF DISMISSAL**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff and Defendants Benson and Nessel, having reached an agreement to settle this action, hereby jointly stipulate to the following representations and respectfully request that the Court enter an order dismissing this action. Pursuant to the settlement, the parties hereby formally stipulate as follows:

WHEREAS, Tesla manufactures all-electric motor vehicles, including the Model S, Model X, and Model 3, with the stated mission of accelerating the world's transition to electric vehicles for the good of the environment;

WHEREAS, Defendant Benson, as head of the Michigan Department of State ("MDOS"), serves as Michigan's Chief Motor Vehicle Administrator, and is the official responsible for administering and enforcing Michigan's Motor Vehicle Manufacturers, Distributors, Wholesalers, and Dealers Act, M.C.L. § 445.1501 *et seq.*, and Michigan's Vehicle Code, M.C.L. § 257.1 *et seq.*;

1

WHEREAS, Defendant Benson's responsibilities include issuing licenses to operate motor vehicle dealerships and registering motor vehicle repair facilities;

WHEREAS, Defendant Nessel is Michigan's chief law enforcement officer;

WHEREAS, Tesla applied to MDOS on November 13, 2015, for a license to operate a new vehicle dealership and a used vehicle dealership, and to register a repair facility, in the State of Michigan;

WHEREAS, MDOS denied Tesla's application to operate a new vehicle dealership on September 12, 2016, denied Tesla's application to operate a used vehicle dealership on September 21, 2016, and denied Tesla's application to register a repair facility on December 19, 2016;

WHEREAS, on September 22, 2016, Tesla filed this Action, challenging Michigan's ban on direct sales and service by a vehicle manufacturer like Tesla;

WHEREAS, Defendants Benson and Nessel have determined, pursuant to their authority to enforce Michigan law as written, that:

    a.    Neither M.C.L. § 445.1574(1)(q) nor any other provision of Michigan law prohibits a subsidiary that is wholly owned by Tesla ("Tesla Service Subsidiary") from owning or operating one or more service and repair facilities in the state of Michigan, so long as Tesla itself does not directly own the facilities;

    b.    Under Michigan law (including M.C.L. § 445.1574(1)), Tesla's status as a manufacturer of motor vehicles does not prevent employees of Tesla from performing warranty, recall, service, or repair work in Michigan so long as the work is not performed at a motor vehicle repair facility that is directly owned by Tesla itself, and that those employees are properly certified as specialty or master mechanics, as appropriate, under M.C.L. § 257.1311.  In

particular, neither M.C.L. § 445.1574(1)(p) nor § 445.1574(1)(q) nor any other provision of Michigan law prohibits employees of Tesla from performing warranty, recall, service, or repair work at a facility owned or operated by the Tesla Service Subsidiary on vehicles owned or leased by Tesla customers;

   c.  No provision in M.C.L. § 445.1574(1) nor any other provision of Michigan law prohibits Tesla from delivering vehicles to Michigan residents in Michigan (whether directly, through a subsidiary, using an independent carrier, or otherwise), including assisting them with vehicle trade-ins, so long as legal title for any vehicles sold by Tesla transfers outside the state of Michigan, consistent with M.C.L. §§ 440.2106(1) and 440.2401;

   d.  Under Michigan law, employees of Tesla or the Tesla Service Subsidiary are permitted to inspect, prepare, and, if necessary, repair such vehicles in the state of Michigan before they are delivered to the Michigan resident; and

   e.  Neither M.C.L. § 445.1574(1)(h) nor § 445.1574(1)(i) nor any other provision of Michigan law prohibits Tesla from operating one or more galleries in the State to educate customers and facilitate transactions out-of-state so long as Tesla does not transfer legal title to the vehicles within the State consistent with M.C.L. §§ 440.2106(1) and 440.2401. Permissible activities at such a gallery include (but are not limited to) conducting demonstration drives; discussing prices, service, financing, leasing, and trade-ins with potential customers; helping potential customers configure a vehicle; facilitating ordering and purchase of a vehicle for which legal title transfers out-of-state; and facilitating customer transaction paperwork for a sale for which legal title transfers out-of-state;

  WHEREAS, Defendants Benson and Nessel therefore covenant as follows:

    a.  They shall apply Michigan law to Tesla and any Tesla subsidiary or successor in accordance with all interpretations, representations, and warranties set forth in this Stipulation; and

    b.  They shall take no enforcement action against Tesla or any Tesla subsidiary or successor that is inconsistent with the interpretations, representations, and warranties set forth in this Stipulation;

    c.  The interpretations and representations of Michigan law set forth in this Stipulation are not based on policy choices but are objective and follow the plain, ordinary meaning of the language chosen by the Legislature; and

WHEREAS, Plaintiff hereby agrees to voluntarily dismiss its claims against all Defendants;

THEREFORE, on the basis of this Stipulation, the parties thus respectfully request that the Court enter an order dismissing this action.

                Respectfully submitted,

                /s/ *John J. Bursch*
                John J. Bursch (P57679)
                BURSCH LAW PLLC
                9339 Cherry Valley Ave SE, #78
                Caledonia, MI 49316
                (616) 450-4235
                jbursch@burschlaw.com

                William F. Lee
                Felicia H. Ellsworth
                WILMER CUTLER PICKERING
                 HALE AND DORR LLP
                60 State Street
                Boston, MA 02109
                (617) 526-6000
                william.lee@wilmerhale.com
                felicia.ellsworth@wilmerhale.com

Seth P. Waxman
Brent Gurney
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
(202) 663-6800
seth.waxman@wilmerhale.com
brent.gurney@wilmerhale.com

*Attorneys for Plaintiff Tesla, Inc.*

/s/ *Matthew K. Payok*
Matthew K. Payok
DJ Pascoe
Assistant Attorneys General
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
PayokM@michigan.gov
PascoeD1@michigan.gov

*Attorneys for Defendants Jocelyn Benson and Dana Nessel*

Dated: January 22, 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| TESLA, INC., a Delaware corporation,<br><br>                      Plaintiff,<br><br>    v.<br><br>JOCELYN BENSON, in her official capacity as Secretary of State and Chief Motor Vehicle Administrator; DANA NESSEL, in her official capacity as Attorney General; and GRETCHEN WHITMER, in her official capacity as Governor,<br><br>                      Defendants. | Case No. 16-cv-1158<br><br>Hon. Janet T. Neff |

**[PROPOSED] ORDER**

Upon consideration of the Joint Stipulation and Motion for Entry of Dismissal, and pursuant to Federal Rule of Civil Procedure 41(a)(2), this action is hereby dismissed.

IT IS SO ORDERED.

Date: _____          _____
                                                                                    HON. JANET T. NEFF
                                                                                     United States District Judge